IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KRYSTAL BLEDSOE                                                                                          PLAINTIFF

v.                                    Civil No. 6:25-CV-06023-SOH-MEF

CITY OF CADDO VALLEY, ARKANSAS,
LIEUTENANT JAMES BROWN, and
OFFICER ISAAC PERRY                                                                                   DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for all pretrial matters. Currently before the Court is the Defendant's Motion for Judgment on the Pleadings (ECF Nos. 16, 17) and Plaintiff's response in opposition (ECF No. 25).

### I.    Background

This case arises from Plaintiff's arrest on June 9, 2024, by Lieutenant James Brown of the Caddo Valley Police Department. (ECF Nos. 3, 25). At that time, her emotional support animal, a dog named Bank, was in her vehicle. Despite explicit warnings that Bank required immediate attention, Lieutenant Brown left Bank in the vehicle. During an inventory search thereafter, Officer Isaac Perry discovered Bank deceased inside the vehicle. Following Bank's death, officers made no attempt to have him examined by a veterinarian and disposed of his remains in the municipal sanitation system without Plaintiff's knowledge or consent. Plaintiff was provided no explanation or documentation regarding Bank's death, handling, or disposal.

Plaintiff filed her Complaint in state court on January 21, 2025, alleging the Defendants violated her constitutional rights when they left Bank in her car, proximately causing his death and interfering with her property rights, failed to seek out veterinary intervention, disposed of Bank's

body without her permission, and refused to provide her with information concerning his handling and disposal. (ECF No. 3). Additionally, she raises a claim of intentional infliction of emotional distress for the loss of her emotional support animal. On February 20, 2025, Defendants filed an Answer to the Complaint and a Notice of Removal. (ECF Nos. 1, 4).

On July 25, 2025, Defendants filed a Motion for Judgment on the Pleadings insisting Plaintiff's claims are barred by *Heck v. Humphrey*. (ECF Nos. 16, 17). Plaintiff filed a Response in opposition on August 7, 2025, alleging that the Defendants have misinterpreted her claims. (ECF No. 25).

## II.   Applicable Law

A court may grant a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). When ruling on a motion for judgment on the pleadings, the Court applies the same standard it would use to address a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "[T]he pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" are considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citation omitted).

To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, ... to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Discussion

Defendants are correct that *Heck v. Humphrey* bars recovery of damages for allegedly unconstitutional convictions or imprisonments unless said convictions or sentences have been reversed or otherwise expunged. 512 U.S. 477, 486-487 (1994). And, although acquitted of two charges, the Plaintiff admits she was convicted of obstruction of governmental operations. Contrary to the Defendants' argument, however, Plaintiff is not complaining of an unlawful arrest. She is complaining that the Defendants unlawfully killed and disposed of her dog.

The Fourth Amendment proscribes "unreasonable searches and seizures." *Andrews v. City of W. Branch*, 454 F.3d 914, 918 (8th Cir. 2006). A Fourth Amendment "seizure" occurs "when there is some meaningful interference with a person's possessory interests in [his] property." *Id*.

3

It can hardly be doubted that by killing a dog, a police officer "meaningfully interferes" with its owner's possessory interests.  *See, e.g., id.; Kincheloe v. Caudle*, 2009 WL 3381047, at *6 (W.D. Tex. Oct. 16, 2009) ("[E]very circuit that has considered the issue has held that the killing of a companion dog constitutes a 'seizure' within the meaning of the Fourth Amendment."). Accordingly, the unreasonable killing of a dog (*i.e.,* the destruction of property) constitutes a Fourth Amendment seizure.  *Bloodworth v. Kansas City Board of Police Commissioners*, 89 F.4th 614, 626-627 (8th Cir. 2023) (recognizing that the killing of a dog must be objectively reasonable or it violates the Fourth Amendment); *Bailey v. Schmidt*, 239 F. App'x 306, 308-309 (8th Cir. 2007) (holding killing of defendant's dogs not unreasonable because dogs acted aggressively); *Altman v. City of High Point*, 330 F.3d 194, 206–07 (4th Cir. 2003) (officer acted reasonably under circumstances in killing dog that had not attacked anyone but had displayed aggressive behavior).

Accordingly, the undersigned concludes that *Heck* does not bar Plaintiff's claims.

### IV.     Conclusion

For these reasons, it is RECOMMENDED that Defendants' Motion for Judgment on the Pleadings (ECF Nos. 16, 17) be DENIED.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 14th day of October 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE